**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC | § | |
| | § | |
| v. | § | Case No. 2:11-CV-248-JRG-RSP |
| | § | |
| 1-800-FLOWERS.COM, INC. | § | |

## MEMORANDUM ORDER

The Defendants' Motion to Compel Discovery (Dkt. No. 174) came before the Court for hearing on July 19, 2013.  The Motion was filed by Defendants HSN, Inc. and Newegg, Inc. on February 12, 2013.  The Motion was set for hearing by Notice entered on July 3, 2013.  Defendant HSN, Inc. was dismissed from the case on July 9, 2013, and on July 11, 2013 Defendant Newegg withdrew the part of the Motion dealing with the first issue set out in the Motion.  (Dkt. No. 284).  Accordingly, the hearing proceeded limited to Newegg's request to compel Plaintiff to respond to Interrogatory No. 11, which reads:

> Explain in detail, and identify all documents and things relating to, IP Navigation Group, LLC's involvement in the case styled TQP Development, LLC v. 1-800-Flowers.com et al., case no. 2:11-cv-00248, including, but not limited to, all communications between IP Navigation Group, LLC and TQP Development, LLC relating to the pre-filing investigation, filing, and prosecution of the case styled TSP Development, LLC v. 1-800-Flowers.com, et al., case no. 2:11-cv-00248.

TQP objected "that this interrogatory calls for the disclosure of attorney work product information" as well as that it was overly broad and not relevant.  The Court finds that the adequacy of the pre-filing investigation conducted by TQP is not at issue, there being no Rule 11 motion pending.  As noted in the Patent Case Management Judicial Guide produced by the Federal Judicial Center (2009 ed.), at Section 4.6.1 ("Discovery Regarding Patentee's Pre-Filing Investigation"), "outside of the Rule 11 context, ... the best practice is to deny such discovery."

1

Even the case relied upon by Newegg, *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed. Cir. 2000), does not support the discovery request.  That opinion notes that "the patent holder, *if challenged*, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement."  (emphasis supplied).  Such a "challenge" would occur if a Rule 11 motion is filed and heard, a claim is made under §285, or the like.  No such circumstance is present here so there must be some other basis to support the discovery, which has not been offered.

While TQP has shown no basis to apply the attorney-client privilege, the work product doctrine is a valid objection to a pre-suit investigation performed by agents of a party in anticipation of litigation.  Fed. R. Civ. P. 26(b)(3)(A) ("documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative").  Newegg has not even attempted to show the substantial need and undue hardship necessary to overcome this protection.

Finally, the interrogatory is clearly overbroad, as it seeks not just the pre-filing investigation, but all documents "relating to IP Navigation Group, LLC's involvement" in this case.  For all of these reasons the Motion is DENIED.

In accordance with Rule 37(a)(5)(B), Newegg, Inc. is ORDERED to pay to TQP 50% of the reasonable expenses incurred in opposing the motion, including attorney's fees.  The reduction by half is due to the withdrawal of one-half of the issues in the motion before the hearing.  The parties are directed to meet and confer on the expenses and, if the matter is not resolved beforehand, Plaintiff shall file a motion to fix expenses within 21 days.

   **SIGNED this 19th day of July, 2013.**

- 2 -

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE