# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC § § | | |
| v. § § | Case No. 2:11-CV-248-JRG-RSP | |
| 1-800-FLOWERS.COM INC., et al. § | | |
| | | |
| TQP DEVELOPMENT, LLC § § | | |
| v. § § | Case No. 2:11-CV-398-JRG-RSP | |
| ALASKA AIR GROUP INC., et al. § | | |

## ORDER ON OPPOSED MOTION TO CONOLIDATE CASES FOR TRIAL

Before the Court is Plaintiff TQP Development, LLC ("TQP")'s Opposed Motion to Consolidate Cases for Trial (Dkt. No. 299, filed August 9, 2013). The Court, for the reasons discussed below, finds that the motion should be **GRANTED-IN-PART**, in that Hotwire Inc., Expedia, Inc. and Orbitz, LLC will be joined for trial, and **DENIED-IN-PART**, in that Newegg will not be joined with Hotwire, Expedia and Orbitz for trial.

## APPLICABLE LAW

Federal Rule of Civil Procedure 42 (Consolidation; Separate Trials) grants a court considerable discretion to join matters before it:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed R. Civ. P. 42; s*ee also In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) ("the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 . . . ."). In "any civil action arising under any Act of Congress relating to patents" filed after September 16, 2011[1], Fed. R. Civ. P. 42 is affected by 35 U.S.C. § 299, which reads as follows:

> (a) Joinder of accused infringers.--With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if--
>
>> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>>
>> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.
>
> (b) Allegations insufficient for joinder.--For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.
>
> (c) Waiver.--A party that is an accused infringer may waive the limitations set forth in this section with respect to that party.

35 U.S.C.A. § 299 (West, Westlaw through P.L. 112-274).

## DISCUSSION

TQP's seeks to consolidate the defendants in *TQP Development, LLC v. 1-800 Flowers.com, Inc.*, Case No. 2:11-cv-248 (remaining defendant Newegg) and *TQP Development, LLC v. Alaska Air Group, Inc.*, Case No. 2:11-cv-398 (remaining defendants Hotwire, Expedia

---

[1] The enactment date of the Leahy-Smith America Invents Act.

and Orbitz) for trial under to Fed. R. Civ. P. 42(a). The *1-800 Flowers.com* suit was filed on May 6, 2011, and the *Alaska Air* suit was filed on September 9, 2011.

The remaining defendants in *Alaska Air Group* (Hotwire, Expedia and Orbitz) have consented to be joined for a common trial with each other. (*See e.g.*, October 16, 2013 Pretrial Hr. Tr. at 13:5-15:18).

## CONCLUSION

As the *Alaska Air* defendants have consented to be joined for trial (the "Consenting Defendants"), the question remaining before the Court is whether Newegg and the Consenting Defendants should be further joined into one common trial. The Court, having considered the Parties' briefing and their statements at the October 16, 2013 hearing, finds that the Newegg and Consenting Defendants should not be joined for trial.

TQP's motion is therefore **GRANTED-IN-PART**, in that the Consenting Defendants will be joined for trial, and **DENIED-IN-PART**, in that Newegg and the Consenting Defendants will not be joined for trial.

**SIGNED this 30th day of October, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE