**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC | § § | |
| v. | § § | Case No. 2:11-CV-248-JRG-RSP |
| 1-800-FLOWERS.COM, INC. | § | |

**ORDER**

Before the Court is Plaintiff TQP Development, LLC's Emergency Opposed Motion in Limine to Exclude Evidence and Argument Regarding Settlement With Expedia, Inc., Hotwire, Inc., and Orbitz, LLC (Dkt. No. 381, filed November 11, 2013) ("TQP's Motion") and Defendant Newegg's Opposition to TQP's Emergency Motion in Limine to Exclude Evidence and Argument Regarding Settlement With Expedia, Inc., Hotwire, Inc., and Orbitz, LLC (Dkt. No. 385, filed November 13, 2013) ("Newegg's Response").

**DISCUSSION**

TQP's Motion in Limine seeks to exclude two licenses to the patent-in-suit entered into on November 8, 2013, with the remaining defendants in *TQP Development, LLC v. Alaska Air Group, Inc. et al.*, Case No. 2:11-CV-398. The Court has allowed the introduction of TQP's other settlement licenses. (Order Regarding Motions in Limine, Dkt No. 388 (denying TQP's motion *in limine* no. 6)).

Setting aside the two licenses at issue for a moment, there are over 80 licenses that include the patent-in-suit in this case.[1] The Court must consider the probative value of the two licenses lessened in light of the significant number of other licenses available to the Parties. There has been no argument that the licenses at issue are significantly different than the pre-

---

[1] Exhibit SLB-4A to the June 24, 203 Expert Report of Stephen L. Becker, Ph.D. With Respect to Newegg lists over eighty TQP licenses. (Dkt. No. 304-1).

existing licenses. (*See e.g.*, Newegg's Response at 3-4 ("The Alaska licenses are additional data points")).

Returning to the licenses at issue, each license contains a contingency provision that provides that "in the event that TQP is awarded any damages for infringement by Newegg by a jury verdict" in this case, the party will have to pay TQP the lesser of "(50%) of the Jury Verdict Amount" or $500,000. The licenses are otherwise for an up-front lump sum of $250,000. (*See* TQP's Motion, Exhs. A & B). Newegg argues that "there is nothing unfairly prejudicial about the jury being informed that rendering a decision as to Newegg that will affect the Alaska Defendants." (Newegg's Response at 2). These specific contingency provisions are likely to improperly influence a jury. While the contingency provision presents a general difficulty in that it is not a fixed value, this difficulty is compounded radically in the present case, as the very jury that would be asked to use the licenses for probative purposes is the one responsible for fixing their value.

Newegg also argues that the licenses are comparable to Newegg because "Newegg and the Alaska Defendants are all online-only businesses, making sales exclusively through their websites." (Newegg's Response at 3). The position Newegg now takes—that it is comparable to the *Alaska Air* defendants—is the *exact opposite* of the position it took in arguing against a motion to consolidate the cases for trial. (*See* Dkt. No. 313). For example, Newegg argued:

> The similarities end there. [The Alaska Air Defendants] are online travel agencies that aid customers in booking hotels, flights, cars, cruises, and other travel packages. Newegg is an online retailer offering a full range of goods, including computer hardware and software, electronics, appliances and other housewares. The damages period for [The Alaska Air Defendants] runs from September 9, 2005 –May 2, 2012; the damages period for Newegg runs from May 6, 2005 – May 2, 2012. Each of [The Alaska Air Defendants] has used varying makes and models of hardware for offloading SSL during the damages period for their case; Newegg

        has used the Citrix Netscaler throughout the entirety of its damages period. Orbitz, Hotwire, and Expedia all used different hardware for offloading SSL before purchasing Citrix Netscalers.

(Dkt. No. 313 at 3).

The licenses also present the problem that neither party's expert has opined upon them in his report.

## CONCLUSION

Considering all of the issues—the contingency provision of the license is likely to improperly influence the jury, the value of the licenses will be fixed by the very jury that is otherwise tasked with using their value for probative purposes, the probative value of the licenses are lessened by the fact that there are 80 licenses that the Parties may consider, Newegg has argued that it is not comparable to the Alaska Air defendants further lowering the probative value of the licenses, and the licenses have not been addressed by the Parties' experts—the Court finds that the balance favors excluding the two licenses at issue. TQP's Emergency Motion (Dkt. No. 381) is hereby **GRANTED--**evidence and argument regarding the terms of the two recent *Alaska Airlines* settlement agreements are excluded from trial.

**SIGNED this 15th day of November, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE