```
 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF TEXAS
 2                      MARSHALL DIVISION

 3  TQP DEVELOPMENT LLC           *    Civil Docket No.
                                  *    2:11-CV-248
 4  VS.                           *    Marshall, Texas
                                  *
 5                                *    November 25, 2013
    NEWEGG, INC.                  *    4:00 P.M.
 6
              TRANSCRIPT OF JURY NOTES AND VERDICT
 7         BEFORE THE HONORABLE JUDGE RODNEY GILSTRAP
                  UNITED STATES DISTRICT JUDGE
 8

 9  APPEARANCES:

10  FOR THE PLAINTIFFS:   MR. MARC FENSTER
                          MR. ALEXANDER GIZA
11                        MR. ADAM S. HOFFMAN
                          MR. BENJAMIN WANG
12                        MR. PAUL KROEGER
                          MR. MICHAEL T. BOARDMAN
13                        MS. JUDITH L. MEADOW
                          Russ August & Kabat
14                        12424 Wilshire Blvd., Suite 1200
                          Los Angeles, CA   90025
15
                          MR. ANDREW SPANGLER
16                        Spangler Law Firm
                          202 N. Green Street, Suite 300
17                        Longview, TX   75601

18

19  APPEARANCES CONTINUED ON NEXT PAGE:

20

21  COURT REPORTER:       MS. SHELLY HOLMES, CSR
                          Official Court Reporter
22                        100 East Houston, Suite 125
                          Marshall, TX   75670
23                        903/935-3868

24

25  (Proceedings recorded by mechanical stenography,
    transcript produced on CAT system.)
```

APPEARANCES CONTINUED:

FOR THE DEFENDANT:     MR. ALAN D. ALBRIGHT
                       Bracewell & Giuliani, LLP
                       111 Congress Avenue, Suite 2300
                       Austin, TX   78701

                       MR. ANTHONY W. BROOKS
                       MR. KENT E. BALDAUF, JR.
                       MR. DANIEL H. BREAN
                       MR. JAMES L. BOSCO, JR.
                       The Webb Law Firm
                       One Gateway Center, Suite 1200
                       420 Ft. Duquesne Blvd.
                       Pittsburgh, PA   15222

                       MR. EDWARD R. REINES
                       Weil, Gotshal & Manges
                       201 Redwood Shores Pkwy
                       Redwood City, CA   94065

        *****************************************

               P R O C E E D I N G S

        (Jury out.)

           COURT SECURITY OFFICER:  All rise.

           THE COURT:  Be seated, please.

           All right.  The Court's received a note from the jury.  I'll read it, and then I'll hand it to the courtroom deputy to be made a part of the record in this case.

           The note reads as follows:  Can we have the chart showing Claim 1 of the '730 patent?  Signed Randall Pennington, jury foreperson.

           And I'll hand the note to Ms. Lockhart.

1          Counsel, here is what I've proposed to
2    send back as a response to the jury regarding that
3    question.  I'll read it to you, and then I'll ask for
4    any comments from both parties.
5          Members of the Jury, in response to your
6    question asking to be sent, quote, the chart showing
7    Claim 1 of the '730 patent, close quote, please be
8    advised that this chart was a demonstrative or jury aid
9    and was not an admitted exhibit in this case.  As such,
10   it is not evidence and I cannot send it to you.
11         However, your juror notebooks contain a
12   complete copy of the '730 patent with the numbered
13   claims shown at the end of the patent including Claim 1.
14         Anybody have any objection to that
15   response?
16         MR. REINES:  No objection, Your Honor.
17         MR. FENSTER:  No objection, Your Honor.
18         THE COURT:  All right.  Then I'll sign
19   it, and I'll give the response to Mr. McAteer and direct
20   that he return it to the jury.
21         And we remain in recess awaiting either
22   another note or a verdict.
23         Court's in recess.
24         COURT SECURITY OFFICER:  All rise.
25         (Recess.)

```
 1                    COURT SECURITY OFFICER:  All rise.
 2                    THE COURT:  Be seated, please.
 3                    We have a note from the jury that says:
 4   We have reached a verdict.  Signed by Randall
 5   Pennington, foreperson.
 6                    I'll hand this note to the courtroom
 7   deputy.
 8                    And, Mr. McAteer, bring in the jury,
 9   please.
10                    COURT SECURITY OFFICER:  Yes, sir.
11                    All rise for the jury.
12                    (Jury in.)
13                    THE COURT:  Be seated, Ladies and
14   Gentlemen.
15                    Mr. Pennington, I understand you're the
16   foreperson of the jury; is that correct?
17                    THE FOREPERSON:  Yes, sir.
18                    THE COURT:  Has the jury reached a
19   verdict?
20                    THE FOREPERSON:  Yes, sir.
21                    THE COURT:  In that case, will you hand
22   the completed verdict form to the Court Security Officer
23   who will bring it to me.
24                    Ladies and Gentlemen, I'm going to
25   announce the verdict at this time, and I'd like to ask
```

each member of the jury to listen very carefully because once I've done that, I'm going to ask you if this is your verdict so that we can confirm that it is, in fact, unanimous.

Turning to the completed verdict form, I first note on the last page it is signed and dated today, signed by Mr. Pennington as the foreperson.

Turning to the first page of the verdict form, Question 1: Did TQP prove by a preponderance of the evidence that Newegg directly infringed any of the asserted claims?

Then for Claims 1, 6, 8 and 9, the answer is yes.

Question 2: Did TQP prove by a preponderance of the evidence that Newegg induced its customers to infringe any of the asserted claims of the '730 patent?

For Claims 1, 6, 8, and 9, the answer is yes.

Question 3: Did Newegg prove by clear and convincing evidence that any of the following claims of the '730 patent are invalid?

For Claims 1, 6, 8, and 9, the answer is no.

Question 4: What sum of money if now

paid in cash do you find from a preponderance of the evidence would fairly and reasonably compensate TQP for its damages resulting from Newegg's infringement of the '730 patent?

The answer is $2,300,000.00.

Again, the form -- the verdict form is signed by Mr. Pennington as foreperson and dated with today's date.

Now, Ladies and Gentlemen, let me poll you to make sure that the verdict I've just read is your unanimous verdict. If this is your verdict as you've heard me read it, would you stand at this time?

(Jury stands.)

THE COURT: Thank you. Be seated.

Please let the record reflect that when asked, all eight members of the jury immediately rose and stood in response to the question if this was their unanimous verdict.

Ladies and Gentlemen, this now completes the trial of this case. From the very beginning, I instructed you about not discussing the case with anyone and then when you retired to deliberate only then discussing it among yourselves. I'm now releasing you from those objections. You are free to talk about the case with anyone of your choosing, and by the same

token, you are also free not to discuss the case with anyone. Whether you do or you don't, it is strictly up to you.

One thing I do need to make clear to you, the practice and custom in this court is that attorneys in the case cannot approach you about discussing your service as a juror. If you wish to discuss your service with anyone of the lawyers in this case, I can assure you they'll be interested to talk with you, but you will have to initiate those conversations. They are not permitted to initiate a conversation with you.

By the same token, if your preference would be not to discuss the case, then you should simply walk right by any or all of the lawyers that you come in contact with because it's your option whether to discuss the case or not and they do not have the prerogative to initiate a conversation with you about it. So I want you to understand the rules of the Court and how our practice is in that regard.

Also, Ladies and Gentlemen, I want to let you know each and every one of you how very much the Court values and appreciates your service in this case.

This is an important case. And you have served with sincerity and genuineness. I have watched you carefully over the last week, and you have paid

1  amazing attention to a great many details and facts and
2  things.  I want to commend you on your service.  You
3  have served in the best tradition of our American jurors
4  in jury trials such as this.
5              And as I told you at the beginning of
6  this case, jury service is one of the highest forms of
7  public service any American can perform for their
8  country, and you've done that exceptionally well.  In a
9  very real way, you should know that you have helped
10 preserve, protect, and defend our Constitution, our Bill
11 of Rights, the 7th Amendment as a part thereof by being
12 here and doing what you've done.  It is no small thing.
13 It is no small thing, indeed, and you should know that
14 and take a certain amount of pride and gratification in
15 that.
16             We all -- I think I can speak for
17 everyone in the courtroom.  We all feel that way, and we
18 appreciate what you've done, and we realize without that
19 commitment and service on your part, none of what we are
20 here for would -- would happen.
21             Also, I want to mention one other thing
22 to you, it's my practice since I've been on the bench
23 after a verdict has been received and the jury has been
24 released and discharged to request that before you leave
25 the courthouse, you give me just three or four minutes

```
 1  in the jury room when I can come back and shake your
 2  hands personally and thank you face-to-face for your
 3  service.
 4            I have a letter of appreciation for each
 5  of you, and I also have a certificate from the Court
 6  memorializing your service as jurors in this case.  I'd
 7  like to give that to you.  You're certainly not
 8  obligated to do that.  I know it's been a long trial,
 9  it's been a long day today, but if you feel that you
10  can't do that, you are released and you're certainly
11  free to leave, but if you give me just a few minutes, I
12  would request that you let me come back and thank you in
13  person for your service.
14            With that, you are discharged from your
15  service as jurors.  The verdict has been received and is
16  accepted by the Court, and this case is at an end.
17            Thank you, Ladies and Gentlemen.
18            COURT SECURITY OFFICER:  All rise.
19            (Jury out.)
20            THE COURT:  For the record, I'll deliver
21  the original signed verdict form to the courtroom deputy
22  who will make it a part of the file in this case.
23            Ladies and gentlemen, that completes the
24  trial of this case.  Thank you for your attention and
25  your participation.  You are excused.
```

1  COURT SECURITY OFFICER: All rise.
2  (Court adjourned.)
3  *******************************

11  CERTIFICATION

13  I HEREBY CERTIFY that the foregoing is a
14  true and correct transcript from the stenographic notes

18 /s/_____           _____
   SHELLY HOLMES, CSR                       Date
19 Deputy Official Court Reporter
   State of Texas No.:  7804
20 Expiration Date  12/31/12