UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQP DEVELOPMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 1-800-FLOWERS.COM, INC., et al., <br><br> Defendants. | C.A. No. 2:11-cv-248-JRG-RSP |

**PLAINTIFF TQP DEVELOPMENT, LLC'S SURREPLY TO DEFENDANT
NEWEGG INC.'S RULE 59 MOTION FOR A NEW TRIAL**

I.  **A NEW TRIAL IS NOT REQUIRED ON THE "HAVE BEEN SENT" CONSTRUCTION**[1]

Newegg's Reply does not (because it cannot) point to an actual error in the Court's instructions to the jury concerning the claim construction at issue. Indeed, the Court provided the jury with the exact construction from its claim construction ruling. Given that Newegg never (1) requested supplemental claim construction or (2) moved in limine or through a Daubert motion to preclude Dr. Jaeger's testimony, Newegg's argument is essentially that it was material error for the Court to have failed to reconstrue claim term *sua sponte* during trial and adopt Newegg's quixotic proposed "instruction." In light of Newegg's failure to properly raise the issue, the Court correctly deferred to the jury the resolution of which party properly applied the claim construction.

Even if Newegg had properly raised the issue, the Court's refusal to adopt Newegg's clarifying instruction on claim construction would only be error if Newegg's construction were actually correct as a matter of law, and found some support in the claim language, intrinsic evidence, or relevant extrinsic evidence. Tellingly, Newegg is unable in either its moving papers or reply brief to cite to any portion of the claim language, specification, or file history from the '730 patent supporting its modified construction.

The reason Newegg cannot provide any support for this construction is that, as Judge Bryson recently ruled, "the interpretation of the claim that the [Newegg] advocate[s] would be at odds with a large portion of the specification," and "if the claim language were interpreted to require that the new key value in the transmitter be produced only after a predetermined number of blocks has actually been transmitted through the communication link, *that would describe an entirely different system from the one described and depicted in the specification*." Case No. 2:12-cv-180, Dkt. No. 152 at 15 (emphasis added). Contrary to Newegg's argument (Dkt. No 442 at 2), Judge Bryson's opinion rejects the notion that there is a temporal limitation between transmission and *use* of a new key value. Judge Bryson addressed generation of a key value in a

---

[1] TQP refers to and incorporates its sur-reply to Newegg's Rule 50(b) Motion for Judgment as a Matter of Law, filed concurrently herewith.

different portion of the Order. *See* 2:12-cv-180, Dkt. No. 152 at 8-11. This opinion is persuasive authority from which the Court should find that Newegg's proposed clarifying claim construction was erroneous and was correctly not provided to the jury.

## II. THE JURY WAS PROPERLY INSTRUCTED ON THE LAW OF ANTICIPATION.

Newegg's Reply abandons its objections to the instructions regarding the on-sale bar and prior invention and focuses only on public use. Even in this limited context, however, Newegg still fails to identify what it contends was prejudicial about the instruction. Newegg admits that the joint submission regarding secrecy under Sections 102(a) and (b) was correct and consistent with the law, while at the same time curiously asserting that the instruction was in error because the jury could not have understood its "legal meaning." *See* Dkt. No. 442 at 3. Newegg never argued at trial for any alternative "legal meaning" of the joint instruction, and in any event its belated objection is unsupported by the law it cites, which involve disputes over secrecy where use by a third party occurs after a sale of the invention "without restriction of any kind" and use "under *no* limitation, restriction or obligation of secrecy to the inventor." (emphasis added). Newegg fails to show how "TQP . . . twist[ed] the plain meaning of the instructions" (Dkt. No. 442 at 3), and in any event Newegg was free to argue its interpretation of the plain meaning to the jury. As explained in TQP's opposition and surreply to Newegg's motion for JMOL, Newegg ignores that the record makes clear that no sale occurred, and is replete with evidence of limitations and restrictions on the public disclosure of both RC4 and the Lotus Notes product. See, e.g., JMOL Surreply at 10-13, 15-16.

Newegg cannot escape the Federal Circuit's clear statement in *Dey, L.P. v. Sunovion Pharms., Inc.* that "in the case of third party uses, being 'accessible to the public' still requires public availability; secret or confidential third-party uses do not invalidate later filed patents….We have never required a formal confidentiality agreement to show non-public use." 715 F.3d 1351, 1355, 1357 (Fed. Cir. 2013). The Court's further statement that disclosure to sophisticated parties "*may* mean that there was no reasonable expectation of secrecy and that the

2

invention was therefore in public use," does nothing to change its application to this case since such disclosure is never dispositive and in fact only applies where no formal confidentiality agreements or similar circumstances are in place. *Id*. at 1355-1366 (emphasis added). As in *Dey*, "this case does not involve undisputed evidence of a complete lack of confidentiality protections, as there was in prior cases basing invalidity on third-party public use." *Id*. at 1357. Moreover, Newegg never requested that its new theory involving skilled users be considered by the Court at trial, or even in its moving papers for this motion. Newegg's new objection to the instruction on public use was thus waived.

### III. THE INSTRUCTION ON SECONDARY CONSIDERATIONS OF NONOBVIOUSNESS DOES NOT WARRANT A NEW TRIAL.

Newegg's contention that "[t]he evidence was sufficient to support an invalidity verdict had the jury been instructed that TQP's licensing history was entitled to no weight as proof of nonobviousness" is incorrect. (Dkt. No. 442 at 4.) As explained at length in TQP's oppositions to both this motion and the motion for judgment as a matter of law, more than sufficient evidence was produced at trial through which the jury could find that Newegg failed to meets it burden to establish validity, even without regard to secondary considerations. As there is no evidence concerning how much weight, if any, the jury afforded to these licenses, Newegg fails to show that it is entitled to a new trial even if there was error.

Further, Newegg fails to explain how the testimony of Mr. Spangenberg and Dr. Rhyne that TQP cited in its opening brief (Dkt. No. 441 at 11), was insufficient to meet a *prima facie* case of nexus, other than with its bald assertion to the contrary. Dkt. No 442. at 4-5. In fact, as set forth in TQP's opposition, the evidence was sufficient to place the burden on Newegg to rebut the showing of nexus. Having failed to avail itself of this opportunity, Newegg is not entitled to a new trial on this basis.

### IV. NEWEGG HAS FAILED TO SHOW THAT THE JURY'S DAMAGES VERDICT IS AGAINST THE GREAT WEIGHT OF THE EVIDENCE.

Newegg has also failed to show that the jury's damages award is "against the great

weight of the evidence." Instead, Newegg relies on unsubstantiated hyperbole and *ipse dixit*, asserting that it introduced "overwhelming evidence and testimony" showing that Dr. Becker's opinions are unreliable, and that damages should be "well under 10%" of the amount calculated by Dr. Becker. Dkt. No. 442 at 5. This is simply false. As an initial matter, this Court has denied Newegg's numerous motions challenging the reliability of Dr. Becker's opinions, including Newegg's *Daubert* motion. Dkt. No. 382 at 4-5. Furthermore, the only evidence in support of Newegg's purported damages calculation is the Amazon agreement, which was entered into as a settlement of litigation, and expressly states that the consideration paid does *not* represent a reasonable royalty. DX247-1; Nov. 19, 2013 PM Trial Tr. at 103:13-104:20. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012) ("The propriety of using prior settlement agreements to prove the amount of a reasonable royalty is questionable."). Even if the Amazon agreement were relevant, Newegg presented *no evidence* in support of its bald assertion that its damages should only be 10% of the amount paid by Amazon. At best, Newegg's counsel merely suggested in closing argument that the $5.1 million figure testified to by Dr. Becker was too high in light of the settlement amounts paid by other parties. Nov. 25, 2013 PM Trial Tr. at 104:25-105:9. Attorney appeal to pathos is not evidence and certainly does not justify a new trial or remittitur.

Because the jury's verdict is well within the range of damages testified to by Dr. Becker (less than half), whose opinions are based on the law and evidence, and especially in light of Newegg's failure to present competing expert testimony, Newegg's motion must be denied. *See Monsanto Co. v. Ralph*, 382 F.3d 1374, 1383 (Fed. Cir. 2004); *State Contracting & Engineering Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1072 (Fed. Cir. 2003).

Dated: April 14, 2014                              Respectfully submitted,

                                                 **TQP DEVELOPMENT, LLC**

                                                 By: /s/ *Marc A. Fenster*
                                                 Marc A. Fenster, CA Bar No. 181067

E-mail: mfenster@raklaw.com
Adam S. Hoffman, CA Bar No. 218740
E-mail: ahoffman@raklaw.com
Alexander C. Giza, CA Bar No. 212327
E-mail: agiza@raklaw.com
Paul A. Kroeger, CA Bar No. 229074
Email: pkroeger@raklaw.com
Judith L. Meadow, CA Bar No. 089665
Email: jmeadow@raklaw.com
Michael T. Boardman, CA Bar No. 279153
Email: mboardman@raklaw.com
Benjamin T. Wang, CA Bar No. 228712
Email: bwang@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310/826-7474
Facsimile: 310/826-6991

Andrew W. Spangler, TX Bar No. 24041960
E-mail: spangler@spanglerlawpc.com
**SPANGLER LAW P.C.**
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone: 903/753-9300
Facsimile: 903/553-0403

**Attorneys for Plaintiff
TQP DEVELOPMENT, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on April 14, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Marc A. Fenster*
Marc A. Fenster
