**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **TQP DEVELOPMENT, LLC,** | |
| *Plaintiff*, | |
| v. | NO. 2:11-CV-248-JRG |
| **1-800-FLOWERS.COM, INC., et al.,** | |
| *Defendants*. | |

## NOTICE OF SUBSEQUENT AUTHORITY

Defendant Newegg Inc. ("Newegg") respectfully submits the Memorandum Opinion and Order in *TQP Development, LLC v. Intuit Inc.*, Case No. 2:12-cv-180, Dkt. 192 (attached as Exhibit A) (the "Intuit Opinion"), which issued on June 20, 2014, as subsequent authority supporting Newegg's Rule 50(b) Motion for Judgment as a Matter of Law (Dkt. No. 436) and its Rule 59 Motion for a New Trial (Dkt. No. 437).[1] The Intuit Opinion finds non-infringement—as a matter of law—of the **same patent**, based on the **same claim requirement**, applied to **identical accused systems**, as are involved in the Newegg case. The reasoning in the Intuit Opinion, combined with TQP's utter failure of proof in the trial against Newegg, is dispositive of Newegg's post-trial motions. Accordingly, the Court should enter a judgment of non-infringement.

In the Intuit Opinion, Judge Bryson, sitting by designation in this District, granted summary judgment of non-infringement because the accused systems did not meet the following element of asserted claim 1 of U.S. Patent No. 5,412,730 (the "'730 Patent"): "a new one of said key values

---

[1] This notice supplements the arguments presented in Newegg's Rule 50(b) Motion for Judgment as a Matter of Law (Dkt. No. 436) and its Rule 59 Motion for a New Trial (Dkt. No. 437) and accompanying briefing. Thus, Newegg expressly preserves and does not waive the arguments presented therein.

1

in said first and said second sequences being produced each time a predetermined number of said blocks are transmitted over said link." Judge Bryson held that this requirement was not practiced by systems identical to Newegg's, (*see Intuit Opinion*, Ex. A at 18 n.3), because the production of key values in the accused systems is completely unrelated to the transmission of a predetermined number of blocks. *Intuit Opinion*, Ex. A at 20. The Intuit Opinion decisively establishes that TQP failed to prove infringement as a matter of law for the same reasons as set forth in Newegg's Rule 50(b) motion.

In the *Intuit* case, Judge Bryson flatly rejected TQP's primary argument opposing Newegg's post-trial motions that the "a new one of said key values" requirement applies only to the receiver. *See, e.g.,* TQP's Opp. Br., Dkt. 440 at 5 n.4. Indeed, Judge Bryson noted that this "limitation requires that a new key value be produced at the *transmitter* 'each time a predetermined number of blocks are transmitted over said link.'" *Intuit Opinion*, Ex. A at 18 (emphasis added). This concept is expressly reflected in the language of Judge Bryson's construction of that term:

> For both the first and second sequences, at the transmitter and at the receiver respectively, a new key value is produced each time a predetermined number of blocks are transmitted over the link. The term 'produced' as used in that sentence, means 'generated' or 'supplied.' The phrase 'are transmitted' means 'are being transmitted' or 'have been transmitted.'

*Intuit Opinion*, Ex. A at 17. Originally, in the *Intuit* case, the claim construction of the "a new one of said key values" requirement had been agreed upon by the parties to be identical to the one given to the jury in the *TQP v. Newegg* trial. *See TQP Development, LLC v. Intuit Inc.*, Case No. 2:12-cv-180, Dkt. 135 at Ex. A, 5 ("a new key value in the first and second sequence is used each time a predetermined number of blocks have been sent from the transmitter over the communication link"). Ultimately, however, in *Intuit*, Judge Bryson adopted the above broader construction, the final sentence of which was intended "to define the term 'are transmitted' to mean

'is being transmitted or has been transmitted' for *both the transmitter and receiver.*" *Id.* (emphasis added). Clearly, Judge Bryson's construction underscores the error of TQP's "receiver only" argument. Beyond that, however, Judge Bryson reaffirmed Newegg's principal argument that Newegg does not meet the "a new one of said key values" requirement because that limitation requires the production of a new key value only upon transmission of a predetermined number of blocks.

In the Intuit Opinion, Judge Bryson held as a matter of law that the "a new one of said key values" requirement was absent from systems **identical** to Newegg's, despite adopting a construction broader than the one at issue in the Newegg litigation.[2] TQP produced no evidence that the production of key values depends on or had any other relationship to when a predetermined number of blocks "have been transmitted" or "are being transmitted" over the communication link.[3] *Id.* at 20-24. Judge Bryson explained that "key values in the accused systems change for each new block that enters the transmitter, not each time a single block is placed on the communication link by the transmitter," and that "each time an additional block enters the [accused] transmitter, the key value is changed, no matter how many blocks are in the transmitter at that time." *Id.* at 21. In other words, "[i]n the patented method, a new key value is produced each time a predetermined number of data blocks are transmitted, whereas in the accused systems a new key value is produced each time the transmitter receives a predetermined number of data blocks (one, in the case of defendants' systems) . . . ." *Id.* at 22.

---

[2] In the Newegg litigation, the controlling construction requires production of a new key value when a predetermined number of blocks "have been sent" from the transmitter over the communication link, whereas Judge Bryson's Intuit construction requires production of a new key value when a predetermined number of blocks "have been transmitted" *or* "are being transmitted."

[3] As Newegg demonstrated at trial, TQP failed to address this aspect of the claim construction even in Dr. Jaeger's expert report. Trial Tr. Nov. 19, 2013 AM, at 6:15-8:15 (identifying Dr. Jaeger's failure to use the correct claim construction of the "a new one of said key values" requirement).

Moreover, in the Intuit Opinion, Judge Bryson noted that Dr. Jaeger's testimony and demonstrative in the Newegg trial showed that the accused systems encrypted multiple blocks of data, each with a different key value, but that the transmitter retained those blocks until all were ready to be placed on the communication link. *Intuit Opinion*, Ex. A at 18-19; *see also* Dkt. 436 at 5-6 (citing additional admissions of Dr. Jaeger that all blocks are encrypted with a different key value without regard to whether a predetermined number of blocks have been transmitted). This evidence, however, "does not establish that the production of new key values corresponds to times when a predetermined number of blocks 'have been transmitted' or times when a predetermined number of blocks 'are being transmitted,' *i.e.*, when there is a predetermined number of blocks in the transmitter." *Id.* at 20. According to Judge Bryson, at most, Dr. Jaeger's evidence suggests that, in the accused systems, "blocks that enter the transmitter serve only to increase the number of blocks in the transmitter by one [the predetermined number] because nothing is output onto the communication channel until some relatively large number of blocks have been encrypted." *Id.* at 21.

Judge Bryson's reasoning and analysis applies equally to Newegg's Rule 50(b) and 59 motions since Newegg's systems are **identical** to those in the *Intuit* case. Here, TQP has failed to prove any relationship between the production of new key values and the transmission of a predetermined number of blocks over the communication link. *See* Dkt. 436 at 4-9; Dkt. 437 at 1-4. The controlling claim construction in the present litigation requires a new key value to be used each time a predetermined number of blocks "have been sent," which is virtually identical to the "have been transmitted" portion of Judge Bryon's *Intuit* construction. Moreover, even under the "are being transmitted" construction advocated by TQP in its opposition to Newegg's Rule 50(b) motion (*see* Dkt. 440 at 2 n.2), the *Intuit* Opinion demonstrates that the "a new one of said key

4

values" requirement cannot be present in Newegg's accused systems because new key values are produced only when the predetermined number of blocks are received – not when they "are being transmitted" over the link.

As Judge Bryson succinctly noted, "[n]othing in the evidence shows that a new key value is produced at the transmitter 'each time' a predetermined number of blocks have been transmitted over the link or are in the transmitter awaiting transmission." *Intuit Opinion*, Ex. A at 20. Just as TQP was unable to find any evidence from the Newegg trial to survive summary judgment of non-infringement in the *Intuit case*, TQP is unable to find any trial evidence to support a verdict of infringement in the present litigation.

For these reasons, and the reasons set forth in Newegg's Rule 50(b) Motion for a Judgment as a Matter of Law (Dkt. 436), Newegg is entitled to a judgment as a matter of law that it does not infringe the '730 Patent.[4]

Dated: June 30, 2014

Respectfully submitted,

By: /s/ Anthony W. Brooks
Kent E. Baldauf, Jr.
James J. Bosco, Jr.
Daniel H. Brean
Anthony W. Brooks
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Boulevard, Suite 1200
Pittsburgh, PA 15222
Tel: (412) 471-8815
Fax: (412) 471-4094
kbaldaufjr@webblaw.com
jbosco@webblaw.com
dbrean@webblaw.com
abrooks@webblaw.com

---

[4] Because judgment as a matter of law is warranted, there is no need to reach Newegg's Rule 59 New Trial Motion, but Judge Bryson's reasoning in the *Intuit O*pinion also supports Newegg's arguments presented therein.

**NO. 2:11-CV-248-JRG**

Alan Albright
**BRACEWELL & GUILIANI**
111 Congress Avenue
Suite 2300
Austin, TX 78701-4061
Tel: (512) 494-3620
Fax: (512) 479-3920
alan.albright@bgllp.com

Edward R. Reines
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
edward.reines@weil.com

Trey Yarbrough (Texas Bar No. 22133500)
**YARBROUGH WILCOX PLLC**
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

*Attorneys for Defendant Newegg Inc*.

**NO. 2:11-CV-248-JRG**

## **CERTIFICATE OF SERVICE**

This is to certify that on June 30, 2014, a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF system.

> */s/ Anthony W. Brooks*
> Attorney for Newegg Inc.