# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQP DEVELOPMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 1-800-FLOWERS.COM, INC., et al., <br><br> Defendants. | C.A. No. 2:11-cv-248-JRG-RSP |

**PLAINTIFF TQP DEVELOPMENT, LLC'S RESPONSE TO DEFENDANT NEWEGG, INC.'S NOTICES OF SUPPLEMENTAL AUTHORITIES (DKT. NOS. 447 AND 450) AND NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to the Court's Order dated June 8, 2014, Plaintiff TQP Development, LLC hereby responds to Defendant Newegg, Inc.'s Notices of Supplemental Authority concerning (1) the Supreme Court's opinion in *Limelight Networks, Inc. v. Akamai Technologies, Inc.* (Dkt. No. 447); and (2) the Memorandum Opinion and Order in *TQP Development, LLC v. Intuit Inc.*, Case No. 2:12-cv-180 (Dkt. No. 450) (the "*Intuit* Order").  As set forth below, neither supplemental authority provides any support for Newegg's motion for judgment as a matter of law or motion for a new trial.  In addition, TQP also provides herein notice of an additional supplemental authority—an order which is also from *TQP Development, LLC v. Intuit Inc.*, Case No. 2:12-cv-180, that provides additional support for TQP's arguments that Newegg's request for a new trial on the grounds of invalidity and non-infringement should be denied.

**I.     The Supreme Court's Opinion in *Limelight Networks, Inc. v. Akamai Technologies, Inc.* Has No Effect on Newegg's Motion for Judgment as a Matter of Law or Motion for New Trial**

Newegg correctly summarizes the Supreme Court's holding in *Limelight* that "a party cannot be liable for active inducement unless a single entity has committed an act of direct infringement." (Dkt. No. 447 at 1.)  TQP does not contest that this holding is inconsistent with the Court's instructions to the jury that TQP could prove inducement by proving that "Newegg performed some of the steps of the asserted claims [and] Newegg induced its customers to perform the remaining steps of the claim[s]." Nov. 25, 2013 P.M. Trial Tr. at 39:19-40:1.  However, the fact that the jury was improperly instructed on the law of inducement has no bearing on the relief Newegg is presently seeking as it amounts to harmless error.

As the Court is aware, the jury's verdict found Newegg liable for both direct infringement and inducement of infringement. (Dkt. No. 407.)  Induced infringement was an alternative theory of relief to direct infringement.  The evidence presented at trial established direct infringement and inducement—no separate acts were argued as being inducement only.  Thus, all acts found to constitute induced infringement must also have been an instance of direct infringement by Newegg.

1

Further, under the Court's instructions, Newegg could not be liable for inducement until it had knowledge of the '730 patent. Nov. 25, 2013 P.M. Trial Tr. at 39:19-40:1 (requiring TQP to prove that "Newegg knew of the '730 patent" for Newegg to be liable for inducement). Thus, the earliest TQP could be awarded damages for inducement commenced with the filing of the Complaint, while TQP's damages period for direct infringement started six years prior. Accordingly, as all instances of induced infringement were also instances of direct infringement, that the jury was improperly instructed on induced infringement does not effect the jury's damages award as TQP would be entitled to the same amount even if the jury had rendered a verdict of no inducement or if that cause of action had never been presented to the jury.

Thus, the fact that the jury was improperly instructed on induced infringement was harmless error, and does not entitle Newegg to a new trial. *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 842 (Fed. Cir. 2010) ("Erroneous instructions are subject to harmless error review. We will not reverse if, considering the record as a whole, the erroneous instruction could not have affected the outcome of the case." (internal citations omitted)). Likewise, because the cause of action for induced infringement sought alternative relief only, it cannot effect the ultimate entry of judgment in the case. Accordingly, the Supreme Court's holding in *Limelight* ultimately has no effect on the relief Newegg presently seeks.

II. **The Finding of Non-Infringement in the *Inuit* Case is Based on a Different Claim Construction and Factual Record Than That at Issue In This Case.**

As Newegg concedes, Judge Bryson's ruling in *TQP Development, LLC v. Intuit, Inc.*, Case No. 2:12-cv-180 (Dkt No. 192), involved a different construction of the claim requirement at issue in Newegg's motion for new trial and motion for judgment as a matter of law – a construction never argued by Newegg at any stage of this case. In the *Intuit* decision, Judge Bryson construed the claim element "a new one of said key values in said first and said second sequences being produced each time a predetermine number of said blocks are transmitted over said link," to mean:

> For both the first and second sequences, at the transmitter and at the receiver respectively, a new key value is produced each time a predetermined number of block are transmitted

2

over the link. The term 'produced' as used in the sentence, means 'generated' or 'supplied.' The phrase 'are transmitted' means 'are being transmitted.'

*Intuit* Order at 17. In contrast, this Court's construction, and the one presented to the jury was "a new key value in the first and second sequence is used each time a predetermined number of blocks have been sent from the transmitter over the communication link." Newegg never argued for the construction contained in the *Intuit* Order during *Markman* proceedings, during trial, or even in its post-trial JMOL moving papers, and it is inappropriate for Newegg to try and argue for the application of an entirely new construction from a different case as part of post-trial briefings. *See, e.g., Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 694 (Fed. Cir. 2008) ("A party may not introduce new claim construction arguments on appeal or alter the scope of the claim construction positions it took below. Moreover, litigants waive their right to present new claim construction disputes if they are raised for the first time after trial." (internal citations omitted)).

Also, Newegg misstates the *Intuit* Opinion in asserting that Judge Bryson found non-infringement "*as a matter of law*." (Dkt. No. 450 at 1.) In fact, the *Intuit* Opinion is based on what Judge Bryson found to be deficiencies in the factual record TQP presented to show that this new limitation was met—not that summary judgment was appropriate as a matter of law. *See, e.g., Intiuit* Opinion at 24 (noting that "TQP's evidence on that limitation consists only of the conclusory assertion of its expert, and it has not met its burden under *Celotex*."). The factual record in front of Judge Bryson consisted of expert declarations concerning how the Defendants' systems at issue—systems of Hertz and Intuit—functioned, and was different from the factual record at issue here. To the extent Newegg is claiming that judgment as a matter of law is appropriate because TQP failed to present evidence concerning a limitation that was not even at issue during trial, this is plainly improper.

As this Court expressly noted during trial, the issue of how the experts applied its claim construction was an issue of fact and credibility for the jury to resolve:
> All right counsel. The Court understands that different experts may have a different reading of the Court's claim construction language. That doesn't mean

3

> that I'm going to reopen the claim construction language or serve as a mediator between the experts and tell the jury who's right and who's wrong.
> You both have expert witnesses. And if you – if your witnesses can explain why the other one's explanation is faulty, that's what this trial is about. The jury will evaluate the witness's credibility and make a determination.

November 21, 2013 P.M. Trial Tr., at 35:10-21. TQP has already explained at length how the testimony presented at trial provided substantial evidence from which a jury could have found infringement. *See* Dkt. No. 440 at 2-8. The *Intuit* Order, from a different case, and based on a different claim construction, provides no basis to overturn the jury's verdict that Newegg's systems performed the claim limitation at issue.

Further, the *Intuit* Order does not "reaffirm[s] Newegg's principal argument that [it] does not meet the 'a new one of said key values' requirement because that limitation requires the production of a new key value *only upon transmission* of a predetermined number of blocks." (Dkt. No. 150 at 3.) In fact, the *Intuit* Order affirmatively rejects this argument as following:

> As the Court noted in its previous order, the prosecution history shows that what is now claim 1 was the product of a combination of an independent claim (original claim 8) and a dependent claim (original claim 9). That change had the effect of restricting the scope of claim 1 to embodiments in which the 'predetermined characteristic of the data being transmitted' is a 'predetermined number of said blocks.' . . .
> . . . . There is no indication that the change to the independent claim was meant to have a second, more subtle effect of limiting the claim to cases in which the new key values in the first and second sequences are produced each time a predetermined number of blocks of data "have already been sent."

Dkt. No. 192 at 10-11. Indeed, the *Intuit* Order expressly notes that the argument Newegg makes here and at trial would have "the effect of taking the principal preferred embodiment in the specification outside of any patent claims. *Id.* at 11. For this additional reason, the *Intuit* Order is irrelevant to Newegg's motions for new trial and JMOL.

Finally, TQP notes a motion for reconsideration concerning the *Intuit* Order is currently pending. *See* 2:12-cv-180 (Dkt. No. 196). Accordingly, to the extent this Court feels that the *Intuit* Order should be considered with respect to Newegg's pending motions, TQP respectfully requests that this Court wait for the reconsideration motion to be decided before ruling on Newegg's pending motions.

4

### III. Supplemental Authority Demonstrates That Newegg's Motions Should be Denied.

TQP takes this opportunity to advise the Court of another decision of Judge Bryson from *TQP Development, LLC v. Intuit, Inc.*, which denied motions for summary judgment on the grounds of invalidity based on RC4 and Lotus Notes and divided infringement. 2:12-cv-180, Dkt. No. 191 (attached hereto as Exhibit A). Among other things, this Order notes that a "reasonable jury could find that the sale" of Lotus Notes from Iris to Lotus "was not a sale of a product that contained each element of the disputed claims of the '730 patent and that there was a genuine issue of fact as to whether RC4 with Lotus Notes was abandoned, suppressed, or concealed." *Id.* at 5-6, 13. Judge Bryson likewise rejected arguments similar to those made by Newegg at trial in support of its divided infringement defense. *Id.* at 24-32. This opinion is therefore relevant to the arguments raised by Newegg concerning invalidity in its motion for new trial and motion for JMOL and the divided infringement arguments raised in the JMOL brief.[1]

Dated: July 18, 2014

Respectfully submitted,

**TQP DEVELOPMENT, LLC**

By: /s/ *Paul A. Kroeger*
Marc A. Fenster, CA Bar No. 181067
E-mail: mfenster@raklaw.com
Adam S. Hoffman, CA Bar No. 218740
E-mail: ahoffman@raklaw.com
Alexander C. Giza, CA Bar No. 212327
E-mail: agiza@raklaw.com
Paul A. Kroeger, CA Bar No. 229074
Email: pkroeger@raklaw.com
Judith L. Meadow, CA Bar No. 089665
Email: jmeadow@raklaw.com
Michael T. Boardman, CA Bar No. 279153
Email: mboardman@raklaw.com
Benjamin T. Wang, CA Bar No. 228712
Email: bwang@raklaw.com

---

[1] In the Order, the Court also denied Hertz's motion for summary judgment on the grounds of laches finding that there was a genuine issue of fact as to whether the presumption of laches applies. Ex. A at 14-22. The arguments raised by Hertz are similar to those raised by Newegg in its briefing on its equitable defense of laches.

**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone:	310/826-7474
Facsimile:	310/826-6991

Andrew W. Spangler, TX Bar No. 24041960
E-mail: spangler@spanglerlawpc.com
**SPANGLER LAW P.C.**
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone:	903/753-9300
Facsimile:	903/553-0403

**Attorneys for Plaintiff**
**TQP DEVELOPMENT, LLC**

**CERTIFICATE OF SERVICE**

    I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on July 18, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


          /s/ *Paul A. Kroeger*
          Paul A. Kroeger